**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

THE RAYMOND
CORPORATION,

          Petitioner,

   v.

WARSHAUER LAW GROUP P.C.,
and MICHAEL WARSHAUER,

          Respondents.

CASE NO. _____

(Related to United States District Court for
the Northern District of Mississippi Civil
Action No. 3:20CV00308-MPM-RP)

---

**DEFENDANT/PETITIONER THE RAYMOND CORPORATION'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL
PRODUCTION PURSUANT TO SUBPOENAS TO PRODUCE
DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT
INSPECTION OF PREMISES IN A CIVIL ACTION DIRECTED AT
WARSHAUER LAW GROUP, P.C., AND MICHAEL WARSHAUER**

---

The Raymond Corporation seeks to compel compliance with two Subpoenas
that command the production of documents in *Rodney Jones v. The Raymond
Corporation*. The Subpoenas were served on Michael Warshauer and Warshauer
Law Group, P.C. (collectively, "Respondents"). The Subpoenas were properly
issued by the Northern District of Mississippi, where *Jones v. Raymond* is pending,
and personally served. Each Respondent and the place for compliance with each
Subpoena is located within this District. The Subpoenas seek information that is

1

relevant to materials relied upon by one of the plaintiffs' retained expert witnesses, and Respondents are the only remaining potential source for the materials sought pursuant to the Subpoenas.

Respondents served objections, and to date have failed and refused to produce any responsive documents.  Respondents have also refused multiple options and efforts by Raymond to avoid motion practice.  Indeed, these offers have gone without any substantive response.  This Court should compel Respondents to produce the documents and communications sought in the Subpoenas, as further described below or, in the alternative, order one of the alternative options previously offered to the Respondents.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    *Jones v. Raymond* General Background

*Jones v. Raymond* arises out of an incident on August 29, 2019, at a FedEx Supply Chain warehouse located in Olive Branch, Mississippi.  Plaintiff Rodney Jones alleges that he was injured in a collision incident while operating a Model 4250 stand-up counterbalanced lift truck manufactured by The Raymond Corporation ("Raymond").  He alleges that the lift truck he operated at the time of the incident was defectively designed and unreasonably dangerous, in relevant part to this Motion, because it lacked a door to enclose the operator's compartment and

trap the operator during a collision incident.  The case is now pending in the Northern
District of Mississippi as Civil Action No. 3:20CV00308-MPM-RP.

### B.    Relevant Discovery Background Related to the Documents and Communications Sought Pursuant to the Subpoenas

Respondents represent the plaintiffs in *Jones v. Raymond*.  Respondents
retained Dr. John Meyer to offer design defect opinions in the case.  In support of
his opinion that the lift truck operated by Mr. Jones at the time of the subject incident
was defective because it lacked a door, Dr. Meyer wrote in his report:

> Gap, Inc. is another company that utilizes doors.  It is known to use
> doors on its stand-up forklifts in its 3.2 million square foot warehouse
> in Fishkill, New York, employing over 1,200 people.  It was recently
> (March 2021) verified that Gap has at least 31 Raymond forklifts at this
> location and that all are equipped with doors.

Declaration of Francis H. LoCoco ("LoCoco Decl.") ¶ 2, Ex. A, Meyer Report at 19.
It cites to "Ray Rivera report, Corsi Investigations LLC, March 30, 2021."  *Id.*  It
then reproduces two photographs taken at a slanted angle which purport to be
Raymond forklifts with doors at Gap's Fishkill, New York, warehouse, and
depicting red forklift trucks with enclosed operator compartments.  *Id.* at 20.

During Dr. Meyer's deposition, Raymond's counsel inquired about the Ray
Rivera report that Dr. Meyer cited.  LoCoco Decl. ¶ 3, Ex. B, Meyer Dep. at 111:19-
112:21.  At the deposition, Raymond's counsel requested a copy of the Ray Rivera
report, or that Dr. Meyer remove the reference and citation.  *Id.* at 112:24-113:2.

Subsequently, the plaintiffs' lawyers produced a copy of the Ray Rivera report, and the reference to it has not been withdrawn.  LoCoco Decl. ¶ 4.

Raymond then issued Subpoenas to Raymond Rivera and Corsi Investigations LLC, seeking both documents and a deposition related to the March 30, 2021 report. LoCoco Decl. ¶¶ 5-6, Exs. C-D, Subpoenas to Rivera and Corsi Investigations LLC. The plaintiffs in *Jones v. Raymond* and Respondents as their counsel received notice of the Subpoenas to Mr. Rivera and Corsi Investigations LLC, which included requests for communications with Respondents.  LoCoco Decl. ¶¶ 7-8, Exs. E-F, Notice of Intent to Serve Subpoena and Notices of Deposition to Rivera and Corsi Investigations LLC.  No one asserted any objections, including as to any purported work product protection, and no one filed any motion to prevent the deposition of Mr. Rivera from going forward.  LoCoco Decl. ¶ 9.  Mr. Rivera sat for a deposition on February 23, 2022, offering testimony for both himself and his company.  LoCoco Decl. ¶ 10, Ex. G, Rivera Dep. at 8:19-23, 9:2-10.  Counsel for the plaintiffs in *Jones v. Raymond* was present at the deposition.  No work product objections were asserted, and Mr. Rivera was never instructed not to  answer questions about communications with Attorney Warshauer.  *See generally id.*

At the deposition, Mr. Rivera testified that Respondents retained him to "obtain videos and/or photos of standup forklifts with doors at the warehouse of Gap,

Inc. Fishkill distribution campus," "obtain videos of the forklifts being used," and obtain the number of forklifts with doors in the facility.  *Id.* at 29:22-30:17; *see also* LoCoco Decl. ¶ 11, Ex. H, Rivera Report at 1.  Mr. Rivera tried to get into the facility, but "determined that it is impossible to get in there because it's not open to the public.  It's a warehouse where there is no public access to it."  LoCoco Decl., Ex. G, Rivera Dep. at 32:9-33:7.  He further testified: "You have to be either employed by them or you have to have, a contract with them when you're making deliveries."  *Id.*  Indeed, to enter the facility, employees must "scan" an "ID," and if the scan does not work, then a GAP employee checking IDs must look up the individual to ensure they are "actually allowed into the building."  *Id.* at 38:19-39:4. Being unable to gain access, Mr. Rivera located a job posting for a loss prevention specialist at the facility, and with Attorney Warshauer's full knowledge, applied for the job.  *Id.* at 31:2-20, 33:8-34:9.

After being hired, Mr. Rivera worked "at least three days," including an 8-hour training shift on his first day, and "at the most two weekends."  *Id.* at 16:11-21, 48:19-3, 57:8-12.  During his few shifts, he used an app called Timestamp camera on his phone to take pictures.  *Id.* at 18:11-19:10, 19:20-20:2.  Mr. Rivera placed his cell phone in the front pocket of his shirt, and "would just let it do its job."  *Id.* at

48:4-14, 19:4-6.  Mr. Rivera took pictures like that as "the result of not wanting other people to know that [he was] taking pictures."  *Id.* at 48:15-18.

Although Mr. Rivera used his real name and background in his application for the job, he did not tell anyone at the GAP the real reason he applied for the job.  *Id.* at 34:18-35:4.  Mr. Rivera did not tell his supervisor that he was there doing a surveillance job for Mr. Warshauer.  *Id.* at 39:24-40:3.  He also never told his supervisor he was taking pictures.  *Id.* at 40:4-6.  He also never asked for permission to take pictures.  *Id.* at 40:7-9.  After completing the "operation," Mr. Rivera quit because he had "no reason to stay" and had gotten what he needed.  *Id.* at 49:4-9.  When he quit, he told the hiring manager at GAP that he had found another job, which was untrue.  *Id.* at 49:10-23.  When Mr. Rivera quit, he also did not tell the hiring manager that he had gotten the photographs he needed.  *Id.* at 49:23-25.

While completing the assignment for Respondents, Mr. Rivera communicated with Attorney Warshauer by phone and e-mail.  *Id.* at 42:2-8.  Mr. Rivera also communicated with Attorney Warshauer by text messaging regarding the assignment.  *Id.* at 25:22-25.  Raymond sought communications and documents exchanged with Respondents related to this assignment, but Mr. Rivera did not produce any such documents.  *Id.* at 24:22-26:18.  Instead, Mr. Rivera testified that

he had not retained any of these requested materials because he got a new e-mail service provider and had not retained the earlier communications. *Id.* at 27:7-28:6.

## C.   The Documents Sought Pursuant to Subpoenas to Warshauer

After learning that the documents and communications were unavailable from Mr. Rivera, Raymond served subpoenas on Michael Warshauer and Warshauer Law Group, P.C., the only other party to the materials sought.   These subpoenas seek substantially identical information from each Respondent, and Raymond seeks to compel a narrow production of three categories of documents:

- Communications about the GAP, or the Fishkill facility, exchanged between Respondents and Mr. Rivera/Corsi Investigations LLC;

- Communications about forklifts of any kind exchanged between Respondents and Mr. Rivera/Corsi Investigations LLC; and

- Documents provided by Respondents to Mr. Rivera/Corsi Investigations LLC regarding forklifts of any kind.

LoCoco Decl. ¶ 12-13, Exs. I-J, Subpoenas at Appendix A.  The subpoenas were personally served on Michael Warshauer on April 6, 2022, in his individual capacity and as the registered agent of Warshauer Law Group, P.C.  LoCoco Decl. ¶ 14, Ex. K.

On April 20, 2022, Attorney Warshauer and Warshauer Law Group, P.C. separately filed and served their "Objections" to these Subpoenas, but in substance asserted the same objections for each. LoCoco Decl. ¶¶ 15-16, Exs. L-M, Objections. Respondents object to each of the requests based on relevance and work product privilege, and that each seeks only to harass Respondents.

None of these objections warrants a complete refusal to produce any responsive materials, and Respondents should be compelled to produce the communications with Mr. Rivera and Corsi Investigations, LLC, and documents exchanged with them. However, in order to avoid motion practice, Raymond made multiple proposals to the attorneys representing the plaintiffs in *Jones v. Raymond*: either (a) Attorney Warshauer could execute an affidavit attesting to his knowledge and complicity with Mr. Rivera's conduct, or (b) the parties could enter a stipulation that the evidence obtained by Mr. Rivera would not be used by the plaintiffs in *Jones v. Raymond*. LoCoco Decl. ¶¶ 17-18, Exs. N-O, Letter and Email from LoCoco to Warshauer. Counsel for Raymond never received any response to these proposals. LoCoco Decl. ¶ 19.

## II.   ARGUMENT

Federal Rule of Civil Procedure 45 allows a party to command the production of designated documents by a nonparty at a place within 100 miles of where the

person resides, is employed, or regularly transacts business in person.  Fed. R. Civ.

Pro. 45(a), (c)(2)(A).  Raymond issued and served the Subpoenas in compliance with

Rule 45, and Warshauer has not objected as to the form or means of service of the

Subpoenas.  *See* LoCoco Decl. ¶¶ 12-16, Exs. I-M.

> Pursuant to Rule 26(b)(1):
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

*Id.*  When the recipient of a subpoena for documents refuses to produce requested

documents, the party that served the subpoena may move for an order compelling

production.  Fed. R. Civ. P. 45(d)(2)(B)(i).

For the reasons addressed below, Raymond is entitled to each designated

category of documents in Respondents' possession, and their production should be

compelled.

A.    **All Work Product Objections Have Been Waived**

    1.    Any Work Product Protection was Waived by Allowing Mr.
        Rivera's Deposition to Proceed without Objection

If any work product protection existed, Respondents waived the objection and

protection by not timely raising the alleged objection.

Objections which are not timely raised are waived.  Fed. R. Civ. P. 33(b)(4);

*Chapman v. Cole v. Itel Container Intern. B.V.*, 865 F.2d 676, 686 (5th Cir. 1989);

*Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409 (C.D.Cal.2005) ("A party

who fails to file timely objections waives all objections, including those based on

privilege or work product."); *see also Pham v. Hartford Fire Ins. Co.*, 193 F.R.D.

659 (D.Colo.2000) (finding claim of privilege waived where the defendant failed to

file objections to interrogatories until 71 days after the interrogatories were served);

*Smith v. Conway Org., Inc.*, 154 F.R.D. 73, 76 (S.D.N.Y. Apr.1, 1994) (deeming

waived a work-product objection asserted nearly four months after the document

request was served).  Work product protection is also waived for materials disclosed

to an adversary or testifying expert witnesses.  *See* Fed. R. Civ. P. 26(b)(3); *United*

*States v. Sanmina Corporation*, 968 F.3d 1107 (9th Cir. 2020); *Ecuadorian Plaintiffs*

*v. Chevron Corp.* , 619 F.3d 373, 378 (5th Cir. 2010).

Despite receiving notice of the subpoenas issued to Mr. Rivera and Corsi

Investigations LLC, and the substance of what Raymond sought pursuant to those

subpoenas, no one – neither Respondents, nor the plaintiffs in *Jones v. Raymond*, nor Mr. Rivera or Corsi Investigations LLC – asserted a work product objection or sought to prevent discovery of this information from Mr. Rivera.  *See* LoCoco Decl. ¶¶ 7-8, Exs. E-F; LoCoco Decl. ¶ 9.

Mr. Rivera then appeared at his deposition on February 23, 2022,  and counsel for the plaintiffs in *Jones v. Raymond* also attended.  Counsel lodged no objections at all during the deposition.  *See generally* LoCoco Decl. ¶ 10, Ex. G.  Most notably, there was no work product objection asserted to any questions by Raymond's counsel regarding communications with Attorney Warshauer or the requests for production of the requested documents.  *See, e.g., id.* at 12:9-25 (discussing substance of conversations between Mr. Rivera and Attorney Warshauer without objection), 33:8-34:3 (same), 42:2-8 (same), 52:21-53:4 (same), 59:4-13 (same), 24:22-25:25 (discussing request to produce communications with Respondents, without objection), 26:15-27:6 (discussing request to produce documents provided by Respondents without objection).  Mr. Rivera answered these questions.  *Id.*

The only reason Mr. Rivera did not produce the communications subpoenaed from him was because he had changed email service providers and no longer had access to earlier email messages.  *See id.* at 27:7-28:6.  Accordingly, Raymond's

only option was to pursue the production of these communications from the other side, namely Attorney Warshauer and/or Warshauer Law Group, P.C.

If any work product protection applied to the documents and communications sought, it was waived by the time Mr. Rivera was deposed on the subject without objection.  Raymond is entitled to obtain these materials.

2.    Any Work Product Protection was Waived by Allowing Dr. Meyer to Rely Upon Mr. Rivera's Report

Work product protection is waived when otherwise protected materials are used in testimony.  *See United States v. Nobles*, 422 U.S. 225, 239–40 (1975).  When the party claiming the privilege uses an investigator, or interviewer, as a witness and then attempts to prevent discovery of notes or other materials prepared by the investigator, or interviewer, on the subject of his or her testimony, it is settled that this waives the privilege.  *Id.; see also Kallas v. Carnival Corp.*, No. 06-20115-CIV, 2008 WL 2222152, at *4 (S.D. Fla. May 27, 2008).  A partial disclosure of work product entitles an adverse party to discover **related work product materials** that may be used to counter the effect of that partial disclosure.  *See Resolution Trust Corp. v. Mass. Mut. Life Ins. Co.*, 200 F.R.D. 183, 193 (W.D.N.Y.2001); *In re Kidder Peabody Sec. Litig.*, 168 F.R.D. 459, 472–73 (S.D.N.Y.1996) (party cannot use work product as a sword and at the same time invoke the work product doctrine as a shield to prevent disclosure of the same or related materials); *Harding v. Dana*

*Transport, Inc.*, 914 F. Supp. 1084, 1098 (D.N.J. 1996) ("litigants must not manipulate the work product doctrine for their own benefit by attempting to selectively disclose their attorney's work product.").

Dr. Meyer unquestionably relied upon Mr. Rivera's report by citing to it and reproducing materials contained in it in Dr. Meyer's own report. LoCoco Decl. Ex. A at 19-20. As a result, all related materials to Mr. Rivera's report and what led to its creation are also waived and discoverable. *Resolution Trust Corp.*, 200 F.R.D. at 193; *In re Kidder Peabody Sec. Litig.*, 168 F.R.D. at 472–73; *Harding*, 914 F. Supp. at 1098.

In sum, Mr. Rivera's work cannot be used against Raymond without allowing Raymond to discover all the materials related to that work, which may then be used to cross-examine the plaintiffs' evidence.

3.    Any Work Product Protection was Waived/Vitiated by
      Deceptive Conduct Approved and/or Ratified by Counsel

Respondents' communications are not protected by the work product doctrine. The Eleventh Circuit has explained that unprofessional, or in this instance unethical conduct, by a lawyer "may vitiate the work product privilege," to the extent it exists. *Parrott v. Wilson*, 707 F.2d 1262, 1271 (11th Cir. 1983) (quoting *Moody v. IRS*, 654 F.2d 795, 799–801 (D.C.Cir.1981). "[T]he purpose of the work product privilege is to protect the integrity of the adversary process; therefore, it would be improper to

13

allow an attorney to exploit the privilege for ends that are antithetical to that process." *Id.* (internal quotations and citation omitted). The Eleventh Circuit affirmed the district court's order compelling production of clandestinely recorded conversations. *Id.* at 1271-72.

The Georgia Rules of Professional Conduct that govern Attorney Warshauer, who is licensed to practice in Georgia, require lawyers to be truthful when dealing with others on a client's behalf. Georgia Rule of Professional Conduct 4.1. The ethics rules also prohibit a lawyer from using "methods of obtaining evidence [from third-parties] that violate the legal rights of such a person." Georgia Rule of Professional Conduct 4.4(a). Attorney Warshauer is responsible for unethical conduct by Mr. Rivera, a nonlawyer retained by Attorney Warshauer. Georgia Rule of Professional Conduct 5.3(c). Mississippi, where the *Jones v. Raymond* case is pending, has similar ethical obligations. *See* Mississippi Rules of Professional Conduct 4.1, 4.4 & 5.3(c).

Here, Mr. Rivera testified about his surreptitious conduct to obtain evidence from third-party the GAP. Mr. Rivera gained access to a private, secured facility of a third-party through deception, for the purpose of taking photos and/or video inside because he was unable to do so through public access. Attorney Warshauer knew about this plan and did not stop it. Attorney Warshauer then also ratified Mr.

Rivera's misleading conduct by providing the evidence obtained by him to another nonlawyer retained by Attorney Warshauer, Dr. Meyer.  *Parrott* instructs that materials generated by this type of conduct are not protected by the work product doctrine, or at least the conduct vitiates the protection.

Respondents' two cases cited in support of their work product objection are unavailing.  *Hickman v. Taylor* first established the work product doctrine, but recognized work product protection had limits.  329 U.S. 495, 511 (1947).  *Hickman* does not afford protection here.  Respondents' reliance on *Taylor v. Wal-Mart Transportation* is similarly misguided because it does not involve unprofessional conduct that vitiates the work product protection, if any.  *See generally Taylor v. Wal-Mart Transp., LLC*, 320CV00162KHJLGI, 2021 WL 5069518 (S.D. Miss. July 9, 2021).

**B.** **Each Specific Request Seeks Relevant and Discoverable Information for the *Jones v. Raymond* Case**

1. Warshauer should be Compelled to Produce Communications with Rivera/Corsi about the GAP and the Fishkill Facility

The first request to each Subpoena seeks:

All e-mails, written correspondence of any kind, text messages, or voicemails, regarding Gap, Inc. or Gap, Inc. Fishkill Distribution Campus located at 100-110 Merritt Boulevard, Fishkill, NY 12524, by and between any or all of the following: Corsi Investigations, LLC (or anybody acting on its behalf), Warshauer Law Group, P.C. (or anybody acting on its behalf, including without limitation Michael Warshauer,

Stan Grantham, or Jasper Abbott or any other attorney in the above-captioned case), Ray Rivera, and/or Michael Warshauer conclusion Raymond respectfully requests the Court grant its *Motion to Compel Production*, and order such other relief to which Raymond may be entitled.

LoCoco Decl. ¶¶ 12-13, Exs. I-J, Appendix A.

Raymond requests that Respondents be compelled to produce responsive communications about the GAP or the Fishkill Distribution Campus by and between Attorney Warshauer or any of his colleagues, and Mr. Rivera or any of Mr. Rivera's colleagues.[1]

These communications are discoverable. They are relevant to the evidence obtained by Mr. Rivera, put into a report, and provided to Dr. Meyer, who is now relying upon said evidence to support his design defect opinions. What led to this evidence being generated is relevant both substantively and for impeachment purposes, and is therefore discoverable. *See* Committee Notes, Fed. R. Civ. Pro. 26.

Respondents object that the request is overbroad because it does not expressly limit itself to production of communications about the GAP or the Fishkill facility in this matter (i.e. *Jones v. Raymond*). Respondents have advanced similar design

---

[1] Raymond is not seeking to compel production of any communications that do not include Mr. Rivera or his colleagues. Specifically, Raymond is not seeking to compel the production of communications exclusively between counsel and staff at Warshauer Law Group, P.C. about the GAP or Fishkill facility.

defect theories on behalf of multiple plaintiffs, in cases against Raymond and Raymond's competitors, in several jurisdictions across the country. Raymond is not required to limit its discovery to materials that Respondents unilaterally decide are related and relevant to the *Jones v. Raymond* case.

Raymond is entitled to complete discovery on these communications to determine what, if any, further motion practice may be warranted with respect to this evidence in the Northern District of Mississippi. Respondents should be compelled to produce responsive communications about the GAP or the Fishkill Distribution Campus by and between Attorney Warshauer or any of his colleagues, and Mr. Rivera or any of Mr. Rivera's colleagues.

    2.   <u>Warshauer should be Compelled to Produce Communications with Rivera/Corsi about forklifts</u>

The second request to each Subpoena seeks:

> All e-mails, written correspondence of any kind, text messages, or voicemails, regarding forklifts of any kind, by and between any or all of the following: Corsi Investigations, LLC (or anybody acting on its behalf), Warshauer Law Group, P.C. (or anybody acting on its behalf, including without limitation Michael Warshauer, Stan Grantham, or Jasper Abbott or any other attorney in the above-captioned case), Ray Rivera, and/or Michael Warshauer.

LoCoco Decl.¶¶ 12-13, Exs. I-J, Appendix A.

Respondents make nearly identical objections to this request. Communications between Respondents and Mr. Rivera or anybody acting on his

behalf, are relevant, discoverable, and not protected by the work product doctrine for all of the same reasons addressed above.  Notably, though they argue this request is overbroad, Respondents' argument focuses on their law firm's involvement in forklift litigation.  They do not argue that Mr. Rivera has been retained to conduct any investigation into forklifts that is not being used in the *Jones v. Raymond* case. Raymond does not seek to compel the production of communication involving solely employees of Warshauer Law Group, P.C.  Because Raymond does not know the contents of any communications, it is unable and should not be required to narrow the scope of the request any further.

For the reasons addressed above with respect to communications about GAP and the Fishkill facility, Respondents should also be compelled to produce responsive communications about forklifts of any kind by and between Attorney Warshauer or any of his colleagues, and Mr. Rivera or any of Mr. Rivera's colleagues.

3. <u>Warshauer should be Compelled to Produce Documents They Provided to Rivera/Corsi about forklifts</u>

The third request to each Subpoena seeks:

> All documents provided to Corsi Investigations LLC and/or Ray Rivera from Michael Warshauer and/or Warshauer Law Group, P.C., regarding forklifts of any kind.

LoCoco Decl.¶¶ 12-13, Exs. I-J, Appendix A.

This material is relevant, discoverable, and sought for a proper purpose. Relevant to this subject, Mr. Rivera wrote in his report: "Client provided Agency the following sample images of forklifts in regard to this investigation" and then reproduced four images which purport to show forklift trucks with doors, received from Attorney Warshauer by e-mail.  LoCoco Decl. Ex. G at 26:19-27:6; *id.* Ex. H at 2.  Mr. Rivera was provided written information about forklifts for the purpose of completing the assignment, and that information is relevant and discoverable to complete discovery regarding the evidence relied upon by Dr. Meyer in forming his opinions in *Jones v. Raymond*.

Respondents' work product doctrine argument fails for the same reason with respect to these documents.

Respondents should also be compelled to produce responsive documents they provided to Mr. Rivera or any of Mr. Rivera's colleagues relating to forklifts of any kind.

**C.** **As an Alternative to Compliance with the Subpoenas, Respondents Should Be Required to Execute an Affidavit or Stipulation**

As an alternative to producing the communications and documents, Raymond requests that Respondents be required to do either of the following:

(a)    execute a stipulation on behalf of Rodney Jones and Deangela Battle that they will not use the photographs or other information obtained from Mr. Rivera's work on Respondents' behalf; or

(b)    execute a declaration that confirms Attorney Warshauer's knowledge and authorization of Mr. Rivera's conduct with respect to the GAP and Fishkill facility.

Either of these alternatives, which were previously proposed to Respondents, would adequately resolve this dispute without requiring the production of communications and documents.

## III.   CONCLUSION

WHEREFORE, The Raymond Corporation respectfully requests the Court GRANT its Motion to Compel, and order Michael Warshauer and Warshauer Law Group, P.C. to produce all of the following that are in their possession:

1.    All communications, including e-mails, letters, other written correspondence, text messages, and voicemails, between Warshauer Law Group, P.C. (or anybody acting on its behalf) or Michael Warshauer, and Raymond Rivera or Corsi Investigations, LLC (or anybody acting on their behalf) regarding the following two subjects:

a.    Gap, Inc. or Gap, Inc. Fishkill Distribution Campus located at 100-110 Merritt Boulevard, Fishkill, NY 12524; or

b.    forklifts of any kind.

2.     All documents regarding forklifts of any kind provided to Raymond Rivera or Corsi Investigations, LLC from Warshauer Law Group, P.C. (or anybody acting on its behalf) or Michael Warshauer.

In the alternative, Raymond requests an order requiring Respondents to either execute a stipulation regarding the use of materials obtained by Mr. Rivera, or a declaration regarding Attorney Warshauer's knowledge and approval of Mr. Rivera's tactics and conduct.

Raymond requests the Court order any other or further relief as the Court deems just and proper.

Respectfully submitted on Tuesday, May 31, 2022.

THE RAYMOND CORPORATION
By and through its attorneys,

*s/ Samantha A. Lunn*
Samantha A. Lunn

HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
423.755.2653 Telephone
423.266.5499 Facsimile
Samantha.Lunn@huschblackwell.com

*Attorneys for Petitioner/Defendant*
*The Raymond Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and sent copies by U.S. Mail, postage prepaid, as follows:

MERKEL & COCKE, P.A.
Charles M. Merkel, Jr.
Edward P. Connell, Jr.
Yeager M. Bass
P.O. Box 1388
Clarksdale, MS 38614
(662) 627-9641 Telephone
(662) 627-3592 Facsimile
tconnell@merkel-cocke.com
cmerkel@merkel-cocke.com

*Attorneys for the Plaintiffs*

*-and-*

*Attorneys for Michael Warshauer and Warshauer Law Group P.C.*

WARSHAUER LAW GROUP, P.C.
Michael J. Warshauer
Jasper Abbott
2740 Bert Adams Road
Atlanta, Georgia 30339
(404) 649-5373 Telephone
mjw@warlawgroup.com
jasper@warlawgroup.com

*Attorneys for the Plaintiffs*

MARKOW WALKER, P.A.
Courtney E. McAlexander
J. Henry Jones, IV
Post Office Drawer 50
Oxford, MS 38655
(662) 234-9899 Telephone
(662) 234-9762 Facsimile
cmcalexander@markowwalker.com
hjones@markowwalker.com

*Attorneys for New Hampshire Insurance Company*
*c/o Sedgwick Claim Management Services*

Dated May 31, 2022.

*s/ Samantha A. Lunn*